# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | |
| ) | Case No. 25 mj 161 |
| Hershel Andrew Green, III ) | |

## OPPOSITION TO REVIEW AND OF APPEAL OF RELEASE ORDER

Defendant Hershel Andrew Green III, by and through counsel, Christopher M. Davis, submits this opposition to the government's appeal (ECF 6).

### BACKGROUND

1. Mr. Green adopts the salient facts, law, and procedural history cited in ECF 6. The government sought to detain Mr. Green on grounds of dangerousness to the community.

2. The government alleged that though the defendant does not present a flight risk, he is an immitigable risk to the community. The Magistrate Judge in San Francisco rejected their argument and released him to home detention with conditions, including a $50,000 unsecured bond signed by his mother.

3. Mr. Green submits that based on the information gathered by Pretrial Services in San Francisco,[1] and the proffers made by both parties, that he has met his burden of production and that the government has failed to meet its burden of persuasion to detain him.[2]

---

[1] A scrivener's error is noted in ECF 11 at ¶ 5. Mr. Green is an 18 year veteran of the United States Airforce, not Navy.
[2] The defendant acknowledges that PTS in this District does not have monitoring cell phone monitoring

## ARGUMENT

4. The allegations in the affidavit accompanying the complaint filed in this matter are concerning. The few cases cited by the government address travel with intent to engage in illicit conduct. However, of note is the fact that none of the allegations refer to actionable *illicit* attempts or contacts with children. This, Mr. Green submits, mitigates community safety concerns.

5. The D.C. Department of Corrections is at its breaking point with the influx of inmates coming into the system since the federal takeover. With no end in sight, incarceration should be utilized for safety concerns involving actionable violence. Mr. Green would be extremely vulnerable at the DC Jail, given his age (40's), socio-economic status and the nature of his charges. And the Department of Corrections will simply not be able to ensure his safety. He remains cloaked in the presumption of innocence and should not be subjected to this type of detention.

6. The government makes much ado about the need for a 3rd party custodian. Counsel agrees with the government that a 24/7 3 party custodian is not realistic. But, all factors considered, the release conditions imposed by the Magistrate Judge negate the need for this condition.[3]

7. Finally, the government has failed to demonstrate how this defendants' release would, by clear and convincing evidence, pose a danger to children. His alleged offenses are of fantasy, not actionable misconduct.

WHEREFORE, the defendant moves this Honorable Court to maintain

---

ability and that that condition will need to be addressed at the hearing. He suggests use of a non – internet capable cell phone for communication purposes.
[3] There is no statutory basis to require a 24/7 3rd party custodian.

his release on Home Detention (subject to electronic monitoring) with conditions as outlined in the Magistrate Judge's order (except the Android cell phone condition).

Respectfully submitted,

*Christopher M. Davis*

Christopher M. Davis

#385582 Davis & Davis
1350 Connecticut Avenue,
NW Suite 202
Washington, DC 20036
202-234-7300

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this Motion was served upon all counsel of record via the Court's CM/ECF Service on this 8th day of September 2025.

*Christopher M. Davis*

Christopher M. Davis